No. 88-231

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

JOHN A. STARK and NADINE A. STARK,
husband and wife,

Plaintiffs and Respondents,

-vs-

MAYNARD BORNER and OPAL BORNER,
husband and wife,

Defendants and Appellants.

---

APPEAL FROM: District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Richard J. Carstensen, Billings, Montana

For Respondent:

Rodd A. Hamman, Calton, Hamman, Calton & Wolfe,
Billings, Montana

---

Submitted on Briefs: August 26, 1988

Decided: October 12, 1988

Filed:

FILED
'88 OCT 12 PM 1 40
CLERK MONTANA SUPREME COURT

*Ethel M. Harrison*

Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

Defendants Maynard and Opal Borner (Borners) appeal from the order of the District Court of the Tenth Judicial District, Fergus County. The District Court, after considering the case on remand from this Court, determined that its original findings were correct and granted summary judgment in favor of plaintiffs John and Nadine Stark (Starks). We affirm, but remand to the District Court for an evidentiary hearing on attorney's fees.

The Borners frame three issues on appeal:

1. Whether this Court's directions on remand were followed by the District Court.

2. Whether the Starks' acquisition of good title after the summary judgment hearing could be considered by the District Court.

3. Whether the award of attorney's fees was proper.

This suit is based on a contract for deed. The Starks entered into the contract to buy a ranch from a couple who are not parties to this suit. The Starks later entered into a second contract to sell the ranch to the Borners.

The contract between the Starks and the Borners provided payments from the Borners would be made to an escrow agent, who would apply the money toward the Starks' payments under the first contract for deed. The remainder would be paid to the Starks. The Starks' obligation under the first contract would be paid before the Borners completely paid their obligation under their contract with the Starks. Once the Borners' obligation was paid, the Starks would then convery title to the ranch.

The second contract also provided if the Borners failed to make a scheduled payment, they would receive a notice

2

giving them 60 days to cure their default. If the default remained uncured after 60 days, the contract provided the Starks could then send a notice of acceleration. The acceleration notice would give the Borners 60 days to pay the entire amount due on the contract or the contract could be terminated. The contract further provided if either party were forced to undertake legal action to enforce contract terms, the party at fault would be responsible for paying any reasonable attorney's fees incurred by the prevailing party.

Three years into the contract, the Borners missed a scheduled payment. They failed to cure their default and failed to respond to the Starks' notice of acceleration. The Starks sued, electing termination of the contract and forfeiture of all amounts paid by the Borners toward the purchase, and seeking an injunction directing the Borners to surrender possession of the land in question pending the outcome of the suit. We addressed certain other issues in this case in Stark v. Borner (Mont. 1987), 735 P.2d 314, 44 St.Rep. 717, in which the Borners appealed from the District Court's order granting the preliminary injunction.

In our prior opinion, we remanded this case to the District Court for consideration of one particular issue. Under the rule most recently ennunciated in Sharbono v. Darden (Mont. 1986), 715 P.2d 433, 43 St.Rep. 400, a seller of real estate cannot enforce a forfeiture provision in a contract for deed if unable to convey good title at that time. Both parties agree when the Borners defaulted, the Starks still owed money on the land in question under the first contract for deed.

The District Court held a hearing at which it considered the preliminary injunction on remand from this Court, and heard argument on the Starks' motion for summary judgment. The court held Sharbono did not apply to the facts of this

3

case and granted summary judgment in favor of the Starks. This appeal followed.

I.

The Borners' first argument on appeal is that the District Court failed to follow the direction of this Court on remand. According to the Borners, we required the court to find that Sharbono applied to this case, and the injunction was therefore improper. We disagree.

Our direction to the court on remand did not require a particular result:

> This Court is concerned, however, about the lack of any findings regarding the sellers' ability to convey title after they accelerated payment.
> ...
> Therefore, this Court sustains the District Court's issuance of the preliminary injunction pending the District Court's determination on remand as to whether its findings were proper in light of the above cited cases.

Stark, 735 P.2d at 318 (emphasis supplied). Our opinion directed the court to make its own determination as to the propriety of its ruling in light of Sharbono. The court's order of January 29, 1988 did that. The court held that Sharbono and its predecessors did not apply to this case.

In Sharbono, the buyers had performed the contract except the final balloon payment. They refused to make the final payment because the seller had not satisfied a previous mortgage on the property, and therefore could not perform her part of the contract. The buyers had contracted to receive good title upon making the balloon payment. The seller had breached, and full performance by the buyers would not have gained what they had bargained for. We held the buyers' non-payment was therefore excused.

In this case, it was the Borners--the buyers--who breached, and caused the Starks' alleged inability to convey

4

good title. The contract specifically provided payments from the Borners would go first to satisfy the Starks' existing liability on the property. Continued performance by the Borners thus would have gained what they bargained for: clear title to the land. We recently held that termination and forfeiture in this situation is proper. Burgess v. Shiplet (Mont. 1988), 750 P.2d 460, 45 St.Rep. 293. The District Court followed the direction from this Court on remand, and we affirm on this issue.

## II.

The Borners next assert the District Court, in ruling on the Starks' motion for summary judgment, improperly considered facts that occurred after hearing was had on the motion. The hearing was held on August 11, 1987, and the court's order was issued in January of 1988. In October of 1987, the Stark's arranged to pay off the balance due on the land, and obtained clear title. The Borners argue because the Starks could not have prevailed on the motion without having the ability to convey clear title, the court must have considered the October, 1987, transaction in arriving at its ruling.

This argument fails for the same reasons given above. The Borners' position is that the Starks could not seek termination and forclosure unless they could convey good title pursuant to the rule in Sharbono. Sharbono, however, does not apply.

When reviewing a summary judgment order, we apply the same standard as the trial court. If the moving party shows there is no genuine issue as to facts that are material in light of the substantive principles entitling that party to judgment as a matter of law, we will affirm the ruling. Frigon v. Morrison-Maierle, Inc. (Mont. 1988), ___ P.2d ___, 45 St.Rep. 1344, and cases cited therein. The Borners admit

5

they have breached the contract. There is no issue of material fact regarding the Stark's entitlement to the remedies provided for in the contract. We affirm the District Court's ruling on this issue.

III.

The Borners' final argument on appeal is that the District Court was incorrect in awarding attorney's fees to the Starks. The Borners cite our decision in Crncevich v. Georgetown Recreation Corp. (1975), 168 Mont. 113, 541 P.2d 56, for the proposition that attorney's fees cannot be awarded absent proof.

After the court granted summary judgment in favor of the Starks, counsel for the Starks filed an Affidavit of Attorney's Fees with the court and served it on counsel for the Borners. The Borners did not object or otherwise respond to the affidavit, and the court awarded the fees requested as part of its final judgment. While the contract provided for the award of reasonable attorney's fees, we have held it improper to award attorney's fees solely on the affidavit of counsel without holding an evidentiary hearing on the matter. Keller v. Llewellyn (1977), 175 Mont. 164, 573 P.2d 166.

We affirm the decision of the District Court, set aside its award of attorney's fees, and remand the case with instructions to hold an evidentiary hearing on attorney's fees.

_____
Justice

We Concur:

_____
Chief Justice

_____

6

John C. Shelly

H. C. Gulbrandson

_____

William E. Hunter
Justices