

DA 07-0361

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 416

DICK ANDERSON CONSTRUCTION, INC.,
a Montana Corporation,

        Plaintiff and Appellee,

  v.

MONROE CONSTRUCTION COMPANY, L.L.C.,
a Nevada Limited Liability Company; and
MONROE PROPERTY COMPANY, L.L.C.,
a Delaware Limited Liability Company,

        Defendants and Appellants.

APPEAL FROM:    District Court of the Fourth Judicial District,
                  In and For the County of Missoula, Cause No. DV 2001-710
                  Honorable Wm. Nels Swandal, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Randy J. Cox, Scott M. Stearns, Thomas J. Leonard, Boone Karlberg P.C.,
                Missoula, Montana

        For Appellee:

                John H. Guin, Law Office of John H. Guin, PLLC, Spokane, Washington

                                  Submitted on Briefs:  August 6, 2008

                                          Decided:  December 8, 2009

Filed:

              _____
                             Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Monroe Construction Company, L.L.C. (Monroe Construction) and Monroe Property Company, L.L.C. (Monroe Property) appeal an order of the District Court for the Fourth Judicial District, Missoula County, granting Dick Anderson Construction, Inc.'s (DAC) motion to confirm an arbitration award, and denying Monroe Construction's and Monroe Property's motion to vacate or modify the award. Monroe Construction and Monroe Property also appeal from the court's Final Money Judgment and Final Judgment Foreclosing Construction Lien. We affirm in part, reverse in part and remand for further proceedings consistent with this Opinion.

¶2     Monroe Construction raises the following issue on appeal:

¶3     1. Whether the District Court abused its discretion in entering judgment on the arbitrator's award of attorney's fees and costs, and in denying Monroe Construction's M. R. Civ. P. 59(g) motion to alter or amend judgment.

¶4     In addition, Monroe Property raises the following three issues on appeal:

¶5     2. Whether the District Court violated Monroe Property's rights to due process and to access to the courts by denying Monroe Property its day in court on its claims and defenses.

¶6     3. Whether the District Court overlooked disputed issues of fact in entering judgment in the lien foreclosure action.

¶7     4. Whether the District Court correctly included the arbitrator's award of attorney's fees and costs in the construction lien matter to be enforced against Monroe Property.

## Factual and Procedural Background

¶8   DAC is a Montana corporation engaged in the business of general construction with offices in Helena and Great Falls. Monroe Construction is a Nevada limited liability company, while Monroe Property is a Delaware limited liability company. Both companies are registered to do business in Montana. Monroe Construction and Monroe Property maintain that they are two separate and distinct entities.

¶9   Monroe Property owns approximately 10,000 acres in Greenough, Montana, known as the Paws Up Ranch. On March 1, 2000, Monroe Construction entered into a contract with DAC for the construction of certain improvements on the Paws Up Ranch. These improvements included the construction of an equestrian center, a sale barn, a cook shack, a guest lodge, a number of employee housing units, and various site utilities and infrastructures. Monroe Property was not a party to this contract. Instead, Monroe Construction entered into a separate contract with Monroe Property wherein Monroe Construction would own the improvements until they were completed, at which time Monroe Construction would transfer ownership of the improvements to Monroe Property.

¶10   DAC completed work on the project in the summer of 2001. DAC asserts that when it requested final payment, Monroe Construction refused to pay. Hence, DAC filed a construction lien against the property and the improvements on July 27, 2001, and, on September 10, 2001, DAC filed a lien foreclosure action against Monroe Property and a breach of contract action against Monroe Construction. In response to DAC's actions, Monroe Construction and Monroe Property filed a number of counterclaims against DAC

3

including claims for constructive fraud, misrepresentation, negligent construction and breach of contract.

¶11 Following discovery, Monroe Property and Monroe Construction challenged the validity of DAC's lien, and all parties moved for summary judgment on the counterclaims. The District Court denied Monroe Property's and Monroe Construction's motion regarding the validity of DAC's lien. The court also granted DAC's motion for summary judgment on Monroe Construction's and Monroe Property's tort-based counterclaims, but concluded that disputed issues of fact remained with respect to the parties' claims and counterclaims for breach of contract.

¶12 Monroe Construction and Monroe Property jointly moved to compel arbitration. Initially, DAC opposed the motion on the basis that the Monroe companies had waived the arbitration clause in the contract. DAC eventually withdrew its objection to arbitration, and on November 23, 2004, DAC filed a Demand for Arbitration with the American Arbitration Association (AAA). On March 11, 2005, the District Court ordered Monroe Construction and DAC to arbitrate all claims arising out of the construction contract. Although the court urged all parties to "involve themselves in arbitration," the court noted that Monroe Property could not be compelled to arbitrate since it was not a party to the construction contract.

¶13 An arbitration hearing before a panel of arbitrators from the AAA was conducted in Missoula, Montana, from November 7 through 18, 2005, and final arguments were presented in Denver, Colorado, on November 29, 2005. On December 23, 2005, the panel issued an Arbitration Award adverse to Monroe Construction and in favor of DAC.

The Arbitration Award set the contract balance due between DAC and Monroe Construction along with the amount of pre- and post-award interest, and disposed of all of Monroe Construction's counterclaims. The Arbitration Award also set DAC's attorney's fees and costs in the amount of $331,892 and its arbitration expenses in the amount of $33,186. In addition, even though Monroe Property was not a party to the arbitration, the arbitrator's issued findings of fact regarding the construction lien issue between DAC and Monroe Property.

¶14 In February 2006, DAC filed its "Motion: (1) to Confirm Arbitration Award; (2) for Entry of Judgment on Award; and (3) for Summary Judgment Re: Construction Lien." For its part, on March 24, 2006, Monroe Construction filed a Motion to Vacate Arbitration Award or, in the Alternative, Motion to Modify or Correct Award. In its motion, Monroe Construction argued that the Arbitration Award should be vacated in its entirety because the arbitrators exceeded their powers by entering findings and conclusions relative to the construction lien claim and by awarding attorney's fees to DAC, not only for the attorney's fees incurred by DAC during arbitration, but also the attorney's fees incurred by DAC during several years of district court proceedings prior to arbitration. Monroe Construction argued in the alternative that should the District Court decide not to vacate the Arbitration Award in its entirety, the court should modify or correct the Arbitration Award to strike the award of attorney's fees and to eliminate the findings and conclusions related to the construction lien issue. Finally, Monroe Construction argued that the Arbitration Award was not properly served because it was

not delivered to the parties "personally by certified mail" as required by § 27-5-216(1), MCA.

¶15    On February 9, 2007, the District Court heard oral argument on the pending motions. Along with the arguments already presented by DAC and Monroe Construction in their motions, Monroe Property pointed out that it had not had the opportunity to litigate its own claims and defenses against DAC, that there were disputed issues of fact in that regard, and that it could not be held liable for legal fees and expenses incurred in an arbitration to which it was not a party. Notwithstanding, on March 16, 2007, the District Court entered an order granting DAC's motions for summary judgment on the construction lien issues. The court also entered an order granting DAC's motion to confirm the Arbitration Award and denying Monroe Construction's motion to vacate the Arbitration Award. In its orders, the court did not address whether it was appropriate to include the attorney's fees and costs awarded to DAC in the arbitration, in the construction lien foreclosure action against Monroe Property, which was not a party to the arbitration.

¶16    Thereafter, the District Court ordered DAC to prepare a final judgment for the court's consideration. Both Monroe Property and Monroe Construction objected to a number of items included in the proposed judgment including a specific award of attorney's fees and costs in the amount of $365,078, which they contended was almost $110,000 higher than the amount claimed by DAC during arbitration. Monroe Construction and Monroe Property also objected to the fact that the District Court did not hold an evidentiary hearing as to the accuracy or reasonableness of the attorney's fees

claimed by DAC in the arbitration, or identify which fees were related to the lien foreclosure action.

¶17 On May 1, 2007, the District Court entered a Final Money Judgment and Final Judgment Foreclosing Construction Lien which included an award of the full amount of attorney's fees and expenses of $365,078. Thereafter, Monroe Property and Monroe Construction jointly filed an M. R. Civ. P. 59(g) Motion to Alter or Amend Judgment asking the court to correct the mathematical error related to the award of attorney's fees. The court summarily denied the motion.

¶18 Both Monroe Property and Monroe Construction appeal the various orders and judgments of the District Court.

**Standard of Review**

¶19 We review a trial court's refusal to modify an arbitration award to determine whether the court abused its discretion. *Terra West v. Stu Henkel Realty*, 2000 MT 43, ¶ 22, 298 Mont. 344, 996 P.2d 866. Similarly, we review a trial court's denial of a motion to alter or amend judgment under M. R. Civ. P. 59(g) to determine whether the court abused its discretion. *Lee v. USAA Cas. Ins. Co.*, 2001 MT 59, ¶ 27, 304 Mont. 356, 22 P.3d 631. The test for an abuse of discretion is "whether the trial court acted arbitrarily, without employment of conscientious judgment, or exceeded the bounds of reason resulting in substantial injustice." *In re Custody and Parental Rights of C.J.K.*, 2005 MT 67, ¶ 13, 326 Mont. 289, 109 P.3d 232 (quoting *In re K.C.H.*, 2003 MT 125, ¶ 11, 316 Mont. 13, 68 P.3d 788).

7

¶20 On the other hand, we review a district court's summary judgment ruling de novo using the same M. R. Civ. P. 56 criteria applied by the district court. *Eastgate Village Water and Sewer v. Davis*, 2008 MT 141, ¶ 18, 343 Mont. 108, 183 P.3d 873 (citing *Watkins Trust v. Lacosta*, 2004 MT 144, ¶ 16, 321 Mont. 432, 92 P.3d 620). Summary judgment is proper only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Eastgate Village*, ¶ 18. Furthermore, all reasonable inferences which may be drawn from the offered proof must be drawn in favor of the party opposing summary judgment. *Eastgate Village*, ¶ 18. If there is any doubt regarding the propriety of the summary judgment motion, it should be denied. *Eastgate Village*, ¶ 18 (citing *360 Ranch Corp. v. R & D Holding*, 278 Mont. 487, 491, 926 P.2d 260, 262 (1996); *Whitehawk v. Clark*, 238 Mont. 14, 18, 776 P.2d 484, 486-87 (1989)).

¶21 In addition, we review a district court's conclusions of law to determine whether they are correct. *Eastgate Village*, ¶ 19 (citing *Montana Pet. Tank Comp. Bd. v. Crumleys*, 2008 MT 2, ¶ 32, 341 Mont. 33, 174 P.3d 948; *State Farm Mut. Auto. Ins. Co. v. Gibson,* 2007 MT 153, ¶ 9, 337 Mont. 509, 163 P.3d 387).

**Issue 1.**

¶22 *Whether the District Court abused its discretion in entering judgment on the arbitrator's award of attorney's fees and costs, and in denying Monroe Construction's M. R. Civ. P. 59(g) motion to alter or amend judgment.*

¶23 Monroe Construction contends on appeal that the District Court abused its discretion in entering judgment on the amount of attorney's fees and costs awarded to DAC when the award was significantly inflated due to a mathematical error and when no hearing on the reasonableness of the attorney's fees ever took place. Monroe

8

Construction also contends that the District Court abused its discretion by denying its M. R. Civ. P. 59(g) motion to alter or amend judgment to correct the error. Thus, Monroe Construction requests that we remand this matter to the District Court for an evidentiary hearing on the reasonableness of DAC's claimed fees and costs, or, in the alternative, that we modify the Arbitration Award to correct the mathematical error in the amount of attorney's fees awarded.

¶24 In its response brief on appeal, DAC does not dispute that there was an over-award of attorney's fees in this case. Instead, DAC argues that the District Court acted within its discretion when it refused to modify the Arbitration Award because Monroe Construction's motion to correct the mathematical error in the amount of attorney's fees awarded was untimely.

¶25 The Arbitration Award in this case states in relevant part:

> [DAC's counsel] has submitted an affidavit in acceptable form establishing that DAC has incurred attorney fees in connection with this arbitration in the amount of $331,892 . . . . We conclude that the attorney fees and costs *as claimed* should be awarded to DAC and against Monroe. [Emphasis added.]

However, the amount of attorney's fees actually claimed in counsel's affidavit was $221,892.88. The arbitrators made an obvious typographical error in transferring the amount of the attorney's fees requested in the affidavit into the Arbitration Award. Consequently, the amount of attorney's fees awarded to DAC was $110,000 higher than the amount of attorney's fees claimed by DAC's counsel. Nevertheless, we agree with DAC that Monroe Construction's various motions to correct this mathematical error in the Arbitration Award are time barred.

9

¶26 In Montana, judicial review of an arbitration award is strictly limited by statute. *Paulson v. Flathead Conservation Dist.*, 2004 MT 136, ¶ 18, 321 Mont. 364, 91 P.3d 569 (citing *Terra West,* ¶ 22; *Nelson v. Livingston Rebuild Center, Inc.*, 1999 MT 116, ¶ 11, 294 Mont. 408, 981 P.2d 1185). Montana's Uniform Arbitration Act (adopted in 1985 and codified at Title 27, chapter 5, MCA), provides that a district court must confirm an arbitration award upon application of a party unless timely urged to vacate or modify the award. *May v. First Nat. Pawn Brokers, LTD.*, 269 Mont. 19, 22, 887 P.2d 185, 187 (1994) (citing § 27-5-311, MCA). Thus, when a matter has been submitted to binding arbitration, courts are not permitted to review the merits of the controversy, but may only confirm, vacate, modify, or correct an arbitration award pursuant to §§ 27-5-311, -312, and -313, MCA. *Paulson*, ¶ 18 (citing *Nelson*, ¶ 11). Moreover, the party seeking to vacate, modify, or correct an arbitration award bears the burden of proving that one of the statutorily enumerated grounds exists. *Duchscher v. Vaile*, 269 Mont. 1, 6, 887 P.2d 181, 184 (1994).

¶27 The grounds for vacating an arbitration award are set forth in § 27-5-312, MCA:

> **Vacating an award.** (1) Upon the application of a party, the district court shall vacate an award if:
> (a) the award was procured by corruption, fraud, or other undue means;
> (b) there was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
> (c) the arbitrators exceeded their powers;
> (d) the arbitrators refused to postpone the hearing upon sufficient cause being shown or refused to hear evidence material to the controversy or otherwise conducted the hearing, contrary to the provisions of 27-5-213, in a manner that substantially prejudiced the rights of a party;

(e) there was no arbitration agreement and the issue was not adversely determined in proceedings under 27-5-115 and the party did not participate in the arbitration hearing without raising the objection; or

(f) a neutral arbitrator failed to make a material disclosure required by 27-5-116. An award may be vacated because of a material noncompliance with 27-5-116 no later than 90 days following discovery of the failure to disclose.

And, the grounds for modifying or correcting an arbitration award are set forth in

§ 27-5-313, MCA:

**Modification or correction of award by court.** (1) *Upon application made within 90 days after delivery of a copy of the award* to the applicant, the district court shall modify or correct the award if:

(a) there was an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property referred to in the award;

(b) the arbitrators awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(c) the award is imperfect in a matter of form not affecting the merits of the controversy. [Emphasis added.]

¶28 In this case, although Monroe Construction did timely file its "Motion to Vacate Arbitration Award or in the alternative, Motion to Modify or Correct Award," that motion was limited to challenging the arbitrator's authority to award attorney's fees; the arbitrator's authority to make findings of fact relating to the construction lien; and the method of service of the Arbitration Award on the parties.[1] Monroe Construction did not challenge in its motion the amount of attorney's fees awarded. Instead, Monroe Construction waited more than a year after the Arbitration Award was issued to point out the miscalculation in the amount of attorney's fees. The Arbitration Award was mailed

---

[1] As DAC pointed out in its brief on appeal, Monroe Construction waived all three of these issues on appeal by failing to assign error to them in its opening brief. *See Woodahl v. Matthews*, 196 Mont. 445, 453, 639 P.2d 1165, 1169-70 (1982).

11

to the parties on January 31, 2006. It was not until Monroe Construction filed its "Response and Objection to Plaintiff's Proposed Final Judgment" on April 19, 2007, that Monroe Construction pointed out, for the first time, that there was a mathematical error in the amount of attorney's fees awarded to DAC.

¶29 As indicated, § 27-5-313(1)(a), MCA, provides for the modification or correction of an award for an evident miscalculation of figures. *Nelson,* ¶ 11. However, § 27-5-313, MCA, also provides that a motion to modify or correct an award on these grounds must have been made "within 90 days after delivery of a copy of the award to the applicant." Monroe Construction's failure to challenge the calculation of attorney's fees within 90 days of the Arbitration Award, precludes Monroe Construction from asserting this argument more than a year later.

¶30 Furthermore, in its M. R. Civ. P. 59(g) motion to alter or amend, Monroe Construction makes the same argument regarding the miscalculation of attorney's fees as it does in its "Response and Objection to Plaintiff's Proposed Final Judgment." This Court has repeatedly held that Rule 59(g) is not intended to give litigants "a second bite at the apple." *Lee,* ¶ 76; *see also Nelson v. Driscoll*, 285 Mont. 355, 360-61, 948 P.2d 256, 259 (1997) (a Rule 59(g) motion cannot be used as a vehicle to raise an issue that was already raised, or should have been raised, earlier in the proceedings).

¶31 In addition, Monroe Construction argues that the District Court abused its discretion when it failed to conduct an evidentiary hearing on the reasonableness of the attorney's fees. This Court has consistently held that, as a general rule, it is improper to award attorney's fees based solely on the affidavit of counsel. *Rothing v. Kallestad*, 2007

12

MT 109, ¶ 53, 337 Mont. 193, 159 P.3d 222 (citing *Rossi v. Pawiroredjo,* 2004 MT 39,

¶ 29, 320 Mont. 63, 85 P.3d 776; *Stark v. Borner,* 234 Mont. 254, 258, 762 P.2d 857, 860

(1988)).

> "An award of fees, like any other award, must be based on competent evidence . . . . Furthermore, the proper determination of a legal fee is central to the efficient administration of justice and the maintenance of public confidence in the bench and bar."

*Rothing*, ¶ 53 (quoting *Rossi*, ¶ 29); *see also First Security Bank of Bozeman v. Tholkes,*

169 Mont. 422, 429, 547 P.2d 1328, 1331-32 (1976).

¶32    Nevertheless, these cases address the procedure a trial court must follow in awarding attorney's fees; they do not address the procedures a private arbitration panel may follow in awarding attorney's fees. In this case, the record reflects that both parties requested attorney's fees in the arbitration proceedings and that both parties submitted affidavits to the arbitration panel regarding attorney's fees. Additionally, the record indicates that counsel's affidavits regarding attorney's fees were received by the arbitrators in time for the oral argument on November 29, 2005, and that the file remained open for submissions until December 5, 2005. If Monroe Construction disagreed with the amount of attorney's fees requested by DAC's counsel, it could have objected at that time.

¶33    Moreover, § 27-5-217, MCA, provides, in pertinent part:

> **Change of award by arbitrators.** On the application of a party . . . the arbitrators may modify or correct the award upon the grounds stated in 27-5-313(1)(a) and (1)(c) or for the purpose of clarifying the award. The application must be made within 20 days after delivery of the award to the applicant.

Monroe Construction did not apply to the arbitrators to modify or correct the award under § 27-5-217, MCA.[2]

¶34    Neither can we vacate the Arbitration Award under § 27-5-312, MCA, which provides that a district court may vacate an arbitration award if the arbitrators "exceeded their powers," § 27-5-312(1)(c), MCA, or if the arbitrators "refused to hear evidence material to the controversy or otherwise conducted the hearing . . . in a manner that substantially prejudiced the rights of a party," § 27-5-312(1)(d), MCA.  Even though the attorney's fees affidavit did not support the arbitrator's determination of the amount of "incurred" and "reasonable and necessary" attorney's fees in this case, there is no provision in the arbitration statutes for vacating a *portion* of an arbitration award; a plain reading of Montana's Uniform Arbitration Act indicates that the *entire* Arbitration Award would have to be vacated in this case.  However, to prevent vacating an entire award based on an error in one part of that award (and presumably to have to incur additional expenses by conducting a second arbitration hearing after the first award was vacated), the Uniform Arbitration Act sets forth two procedures for correcting an error in an arbitration award—§ 27-5-217, MCA, which provides for the modification or correction of an award by the arbitrators if application is made within 20 days, and § 27-5-313, MCA, which provides for the modification or correction of an award by a court if

_____

[2] A court may only assert equitable jurisdiction when there is no adequate remedy at law. *See 360 Ranch Corp*, 278 Mont. at 493, 926 P.2d at 264 (citing *Jeffries Coal Co. v. Industrial Accident Board*, 126 Mont. 411, 252 P.2d 1046 (1952)).  Here, Monroe Construction had, not one, but several adequate remedies at law that it failed to take advantage of.

application is made within 90 days. Neither avenue was pursued in this case in a timely manner.

¶35 And, as already indicated, Monroe Construction did not object to the amount of the attorney's fees awarded when it filed its original motion to vacate or modify the Arbitration Award. Thus, we cannot vacate the Arbitration Award under § 27-5-312, MCA, as it contains the same 90-day time constraints as does § 27-5-313, MCA. *See* § 27-5-312(3), MCA ("An application under this section must be made within 90 days after delivery of a copy of the award to the applicant . . . .").

¶36 This Court has recognized that arbitrators have discretion over the procedures for conducting arbitration and that those procedures do not need to include the same formalities as litigation. *Wallace v. Hayes*, 2005 MT 253, ¶ 34, 329 Mont. 23, 124 P.3d 110 ("arbitrators do not conduct their proceedings within the rigid formality of strict rules of law"); *Geissler v. Sanem*, 285 Mont. 411, 417, 949 P.2d 234, 238 (1997) ("The parties are generally free to contract regarding the procedural rules for arbitration.")

¶37 In the Arbitration Award, the arbitrators stated the following regarding their reasons for awarding attorney's fees:

> The written contract of the parties is silent on the matter of attorney fees in the event of litigation or arbitration to enforce the agreement. However, Montana has a statute stating that the prevailing party in any civil action to enforce a construction contract is entitled to attorney fees and costs. This statute also provides that if the parties use arbitration, the arbitrators may award costs and fees as they may determine. MCA § 28-2-2105. In this case, DAC is clearly the prevailing party on the construction contract claims. Monroe did not prevail on any of its claims or defenses under the contract.
> In addition, we conclude that the tort based claims advanced by Monroe for defamation and fraud *were so totally devoid of merit as to*

15

*constitute bad faith* under the circumstances of this case. These claims appear to have been interposed only to hinder and delay the progress of this case. Under Montana law, attorney fees not otherwise available may be awarded if it is determined that the claims or counterclaims upon which the fees were incurred were asserted in bad faith. We do so conclude here with respect to the claims asserted by Monroe for defamation and fraud.

. . .

*We conclude, therefore, that DAC is entitled to the entirety of its fees and costs incurred in this matter*, both in connection with its prosecution of its claim under the contract and in connection with its defense of the tort based counterclaims by Monroe.
. . . We have examined the affidavit and the supporting materials submitted by [DAC's counsel]. We conclude that the attorney fees for both [DAC's counsel] and his associates . . . are reasonable and necessary to the litigation effort in this case. [Emphasis added.]

Section 28-2-2105, MCA, referred to by the arbitrators in the above quoted portion of the

Arbitration Award, provides:

**Prevailing party entitled to costs and attorney fees.** In a civil action on a contract to enforce an obligation imposed by this part, the prevailing party is entitled to reasonable attorney fees and costs, both for trial and appeal. *If the parties to a construction contract or subcontract use arbitration, the arbitrator may award fees and costs as the arbitrator may determine.* [Emphasis added.]

Moreover, this Court has held that "an arbitrator may, under limited circumstances,

award attorney's fees through his equity powers where bad faith or malicious behavior is

involved." *Langemeir v. Kuehl*, 2001 MT 306, ¶ 17, 307 Mont. 499, 40 P.3d 343 (citing

*Terra West*, ¶ 40).

¶38 As DAC points out in its brief on appeal, arbitration confers significant benefits on

parties who agree to utilize this alternative dispute resolution process. Arbitration allows

parties to engage decision-makers who are technically skilled or trained in the specific

area of industry that is subject to dispute and to expedite the resolution of disputes by avoiding many of the formalities inherent in civil litigation. Arbitration also provides a more stringent finality to disputes than traditional litigation by limiting the scope of judicial review of an arbitration award. To require the District Court in this case to conduct its own evidentiary hearing on an issue previously submitted to binding arbitration would undermine the finality and expediency provided by arbitration.

¶39 Accordingly, we hold that the District Court did not abuse its discretion in entering judgment on the amount of attorney's fees awarded to DAC even though the award was significantly inflated due to a mathematical error. We also hold that the District Court did not err in denying Monroe Construction's Rule 59(g) motion to alter or amend judgment.

**Issue 2.**

¶40 *Whether the District Court violated Monroe Property's rights to due process and to access to the courts by denying Monroe Property its day in court on its claims and defenses.*

¶41 In its original Complaint in this matter, DAC brought a claim against Monroe Construction for breach of contract, as well as a claim to foreclose on the construction lien DAC previously filed against property owned by Monroe Property. In their Answer and Counterclaim, Monroe Construction and Monroe Property brought claims against DAC for breach of contract, misrepresentation, constructive fraud and negligence. Sometime later, all parties moved for summary judgment on their various claims. Monroe Property and Monroe Construction alleged in their motion that DAC had breached the construction contract by failing to act as the construction manager on the

17

project and by converting their "hard bid" contract into a "time and materials" contract, thereby causing significant cost overruns on the project.

¶42 In its May 3, 2004 Opinion and Order, the District Court denied Monroe Property's and Monroe Construction's motion to declare the construction lien invalid; granted DAC's motion to dismiss Monroe Property's and Monroe Construction's misrepresentation, constructive fraud and negligence causes of action; and denied all parties' motions on the breach of contract issues. Shortly after the District Court issued its Opinion and Order, Monroe Construction and Monroe Property moved to compel arbitration. After numerous motions, District Court orders and an appeal to this Court on the question of arbitration,[3] DAC and Monroe Construction entered into arbitration proceedings. The District Court issued another order staying all remaining claims between DAC and Monroe Property, but the court subsequently vacated that order. Instead, the court pointed out that Monroe Property could not be compelled to arbitration since it was not a party to the construction contract. Nevertheless, the court urged all parties "to involve themselves in arbitration."

¶43 While the arbitration proceedings resolved all of the claims and defenses between DAC and Monroe Construction, certain claims and defenses between DAC and Monroe Property still remained to be adjudicated. Monroe Property's claims that survived the court's May 2004 order on motions for summary judgment and that could not be

---

[3] This case was also transferred to the United States Bankruptcy Court for a time. The District Court file, which had been sent to the Bankruptcy Court, was never returned and apparently lost. The file eventually had to be reconstructed by the parties.

determined in arbitration included its claims regarding the construction lien (which will be discussed in the next issue) and its claims regarding the construction contract.[4]

¶44 In its March 16, 2007 order granting DAC's motion to confirm the arbitration award, the District Court also determined that because Monroe Property was not a party to the construction contract between DAC and Monroe Construction, Monroe Property did not have standing to challenge that contract.

¶45 Monroe Property now claims on appeal that this was error because the issue of standing had not been timely raised in the District Court. Nevertheless, Monroe Property contends that it does have standing to challenge the construction contract between DAC and Monroe Construction because, as the owner of the property on which the improvements were constructed, Monroe Property is a third-party beneficiary to the contract. DAC contends on the other hand that, contrary to Monroe Property's claim that "there is no question" that Monroe Property was a third-party beneficiary to the construction contract, the contract expressly denies any intent to create third-party beneficiary status.

¶46 Standing is a doctrine involving justiciability and, as such, it is a threshold requirement in every case which we must address and decide *sua sponte* even if it is not raised by a litigant. *Armstrong v. State*, 1999 MT 261, ¶ 4, 296 Mont. 361, 989 P.2d 364 (citing *Matter of Paternity of Vainio*, 284 Mont. 229, 235, 943 P.2d 1282, 1286 (1997); *Rieman v. Anderson*, 282 Mont. 139, 144, 935 P.2d 1122, 1125 (1997)). Moreover, this

---

[4] Because Monroe Property did not appeal the District Court's dismissal, prior to arbitration, of its tort-based claims, Monroe Property has waived consideration of these claims. *See Woodahl*, 196 Mont. at 453, 639 P.2d at 1169-70.

19

Court has held that "unless he is an *intended* third-party beneficiary of the contract, a stranger to a contract lacks standing to bring an action for breach of that contract." *Palmer v. Bahm*, 2006 MT 29, ¶ 13, 331 Mont. 105, 128 P.3d 1031 (emphasis added); *see also* Samuel Williston & Richard A. Lord, *A Treatise on the Law of Contracts*, vol. 13, § 37:1 (4th ed., West 2000).

¶47 Relying on the Restatement (Second) of Contracts § 302 (1981), we have described an intended third-party beneficiary as follows:

> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
> (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
> (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

*Harman v. MIA Service Contracts*, 260 Mont. 67, 72, 858 P.2d 19, 22-23 (1993).

¶48 In the case *sub judice*, the contract between DAC and Monroe Construction identifies Monroe Construction as the "Owner" and DAC as the "Contractor." Monroe Property is not identified anywhere in the contract. In addition, the parties expressly deny in their contract documents any intent to create a third-party beneficiary status when they state:

> The Contract Documents form the Contract for Construction. The Contract represents the entire and integrated agreement between the parties hereto and supersedes prior negotiations, representations or agreements, either written or oral. . . . *The Contract Documents shall not be construed to create a contractual relationship of any kind* (1) between the Architect and Contractor, (2) between the Owner and a Subcontractor or Sub-subcontractor or (3) *between any persons or entities other than the Owner and Contractor*. [Emphasis added.]

¶49 We conclude that this provision of the construction contract is unambiguous. *See* § 28-3-401, MCA ("The language of a contract is to govern its interpretation if the language is clear and explicit and does not involve an absurdity."). The construction contract clearly precludes anyone, including Monroe Property, from claiming third-party beneficiary status under the contract. "In the construction of an instrument, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-4-101, MCA.

¶50 Since Monroe Property was not a party to the construction contract between DAC and Monroe Construction, nor was Monroe Property a third-party beneficiary to the contract, we hold that Monroe Property does not have standing to challenge the contract.

¶51 Accordingly, we further hold that the District Court did not violate Monroe Property's rights to due process and to access to the courts by denying Monroe Property its day in court on its breach of contract claim.

**Issue 3.**

¶52 *Whether the District Court overlooked disputed issues of fact in entering judgment in the lien foreclosure action.*

¶53 In the Arbitration Award, the arbitrators made findings of fact regarding the construction lien issue. Thereafter, the District Court, relying on these findings of fact, granted summary judgment in favor of DAC on the construction lien.

¶54 Monroe Property argues that there are disputed issues of material fact which the District Court ignored in entering judgment on DAC's construction lien and that the

outcome of such an adjudication could significantly alter the amount of the lien to be foreclosed.

¶55 The arbitrators specifically stated that "all of the possible parties to a foreclosure action are not parties to this arbitration" and that "[f]oreclosure of liens is a purely judicial function, and is outside the authority or jurisdiction of the arbitration proceeding." Consistent with this determination, the arbitrators pointed out that they had

> no jurisdiction to enter a decree of foreclosure, or to otherwise direct the carrying out of any steps in connection thereto. These matters are exclusively judicial functions, and are exclusively within the province of the courts of Montana.

¶56 While the arbitration panel had authority to liquidate the breach of contract damages, it had no authority to foreclose the construction lien or to make findings of fact regarding foreclosure since Monroe Property was not a party to the arbitration proceedings. An arbitration award binds only those parties obligated to participate in arbitration. *Tamini v. Jewon*, 808 F.2d 978, 981 (2d Cir. 1987). However, because we held in the previous issue that Monroe Property does not have standing to challenge the construction contract itself, Monroe Property is limited to its statutory defenses on the construction lien issue, that is, those defenses that involve whether a construction lien meeting the requirements set out in Title 71, chapter 3, part 5, MCA, was properly and timely filed against Monroe Property's real property. Monroe Property may not challenge DAC's claims regarding the improvements which were arbitrated in DAC's favor under its construction contract with Monroe Construction.

¶57    Accordingly, we hold that the District Court erred in entering judgment in the lien foreclosure action. The matter of the lien and its foreclosure remain as issues to be litigated or otherwise resolved in further proceedings.

**Issue 4.**

¶58    *Whether the District Court correctly included the arbitrator's award of attorney's fees and costs in the construction lien matter to be enforced against Monroe Property.*

¶59    Monroe Property asserts that it was made liable for attorney's fees and costs related to an arbitration proceeding over a contract to which it was not even a party, and that it was never given any opportunity to dispute the reasonableness of DAC's attorney's fees.

¶60    As we pointed out earlier in this Opinion, any challenge to the amount of attorney's fees awarded to DAC in arbitration is untimely. Even so, DAC obtained an award for attorney's fees against Monroe Construction only. Because Monroe Property was not a party to the arbitration, the award of attorney's fees cannot be enforced against it. An arbitration award binds only those parties obligated to participate in arbitration. *Tamini,* 808 F.2d at 981.

¶61    As a final matter, DAC requests attorney's fees on appeal pursuant to the Montana Rules of Appellate Procedure; the Montana Prompt Pay Act (§ 28-2-2105, MCA); and Montana's lien statutes (specifically, § 71-3-124, MCA).

¶62    Section 28-2-2105, MCA, provides in part: "In a civil action on a contract to enforce an obligation imposed by this part, the prevailing party is entitled to reasonable

23

attorney fees and costs, both for trial and appeal." In addition, § 71-3-124(1), MCA, provides in part:

> In an action to foreclose any of the liens provided for in Title 71, chapter 3, part 3, 4, 5, 6, 8, 10, or 16, the court shall allow as costs the money paid and attorney fees incurred for filing and recording the lien and reasonable attorney fees in the district and supreme courts. The costs and attorney fees must be allowed to each claimant whose lien is established, and the reasonable attorney fees must be allowed to the defendant against whose property a lien is claimed if the lien is not established.

Furthermore, M. R. App. P. 19(5) provides:

> **Sanctions.** The supreme court may, on a motion to dismiss, a request included in a brief, or sua sponte, award sanctions to the prevailing party in an appeal, cross-appeal, or a motion or petition for relief determined to be frivolous, vexatious, filed for purposes of harassment or delay, or taken without substantial or reasonable grounds. Sanctions may include costs, attorney fees, or such other monetary or non-monetary penalty as the supreme court deems proper under the circumstances.

¶63 Here, Monroe Property prevailed on appeal on its claim that there were disputed issues of material fact on the construction lien issue. And, while DAC prevailed on appeal on Monroe Construction's claim regarding the mathematical error in the attorney's fees and on Monroe Property's claim regarding breach of contract, we are not inclined to award additional attorney's fees to DAC after DAC received a windfall of more than $110,000 in attorney's fees based on the mathematical error in the Arbitration Award. A further award of attorney's fees would not be "reasonable" under § 28-2-2105, MCA, nor can we conclude that Monroe Construction's and Monroe Property's appeals were frivolous, vexatious, filed for purposes of harassment or delay, or that they were taken without substantial or reasonable grounds, M. R. App. P. 19(5).

24

¶64    Affirmed in part, reversed in part, and remanded for further proceedings consistent with this Opinion.

/S/ JAMES C. NELSON

We concur:

/S/ JIM RICE
/S/ JOHN WARNER
/S/ BRIAN MORRIS

/S/ RANDAL I. SPAULDING
District Court Judge Randal I. Spaulding
sitting for Justice Patricia O. Cotter

/S/JOHN C. McKEON
District Court Judge John C. McKeon
sitting for Justice W. William Leaphart