JUSTICE McKINNON,
concurring.
¶33 I agree with the Court’s analysis and conclusion that St. Vincent Healthcare and Billings Clinic did not breach the PPA by accepting payment from Farmers and State Farm in excess of the discounted rates set forth in the PPA. Opinion, ¶ 27.1 also agree with the Court’s conclusion that Harris and Holbert failed to state a claim for constructive fraud. Opinion, ¶ 31. In reaching these conclusions, the Court relies on its interpretation of the PPA-in particular, the term ‘Covered Services”-and declines to address other aspects of Harris and Holbert’s claims. See Opinion, ¶¶ 27-28, 31. While I appreciate the Court’s decision in this regard, I write separately because I believe it is important to acknowledge two other deficiencies in Harris and Holbert’s breach of contract claim.
¶34 First, a threshold question in any breach of contract action is whether the plaintiff has standing to enforce the contract. As we have explained, “[standing is a doctrine involving justiciability and, as such, it is a threshold requirement in every case which we must address and decide sua sponte even if it is not raised by a litigant.” Dick Anderson Constr., Inc. v. Monroe Constr. Co., LLC, 2009 MT 416, ¶ 46,353 Mont. 534, 221 P.3d 675. We have recognized, moreover, that a stranger to a contract lacks standing to bring an action for breach of that contract unless he or she is an intended third-party beneficiary of the contract. Dick Anderson Constr., ¶ 46; Diaz v. Blue Cross & Blue Shield of Mont., 2011 MT 322, ¶ 18, 363 Mont. 151, 267 P.3d 756; Palmer v. Bahm, 2006 MT 29, ¶ 13, 331 Mont. 105, 128 P.3d 1031.
¶35 Here, Harris and Holbert have failed to allege any facts demonstrating that they have standing to enforce the PPA contracts. Harris and Holbert are not parties to those contracts. The parties to the contracts, rather, are St. Vincent Healthcare and BCBS, and Billings Clinic and BCBS. Moreover, as St. Vincent Healthcare and Billings Clinic point out in their appellate briefs, Harris and Holbert are not intended third-party beneficiaries of the contracts. In fact, the PPA contracts contain a provision which states:
*144 13.3 No Third Party Beneficiary. Hospital and BCBSMT do not intend to create in any third party a right to enforce this Contract or to claim losses or damages under the Contract, except as may be applicable to HCAs.[1]
Similar to our analysis of the contract at issue in Dick Anderson Constr., the PPA “clearly precludes anyone . . . from claiming third-party beneficiary status under the contract.” Dick Anderson Constr., ¶ 49. Accordingly, since Harris and Holbert are not parties to the PPA contracts and are not intended third-party beneficiaries of those contracts, they do not have standing to enforce the contracts. Dick Anderson Constr., ¶ 50.
¶36 Second, I agree with the District Courts that Harris and Holbert did not allege any detriment or legally cognizable damages necessary to support their claim. St. Vincent Healthcare and Billings Clinic billed Harris and Holbert for their medical expenses arising out of the automobile accidents. State Farm and Farmers, in turn, paid those medical expenses in full. As a result, neither Harris nor Holbert have any further liability to St. Vincent Healthcare or Billings Clinic. What Harris and Holbert claim to be aggrieved about in this lawsuit is the fact that St. Vincent Hospital and Billings Clinic billed the medical expenses at customary rates, rather than the discounted rates that would have applied under the PPA had BCBS (rather than State Farm and Farmers) been paying the bills. Harris and Holbert claim they have been damaged in the amount that State Farm and Farmers paid to St. Vincent Healthcare and Billings Clinic in excess of the discounted rates in the PPA-i.e., the difference between the customary rates and the PPA rates. In essence, Harris and Holbert seek a windfall: not only to have their medical expenses paid in full by the third-party liability insurers, but also to receive monetary compensation above and beyond those expenses.
¶37 As the District Courts correctly noted, this is precisely the type of recovery that we found to be impermissible in Newbury v. State Farm Fire & Cas. Ins. Co., 2008 MT 156, 343 Mont. 279, 184 P.3d 1021. As in Newbury, what Harris and Holbert paid valuable consideration for was to have their medical expenses paid, and it is undisputed that their medical expenses were paid. ‘To allow [Harris and Holbert] to receive in excess of the total amount of [their] medical expenses would *145 result in a windfall.” Newbury, ¶ 47. Under §27-1-202, MCA, Te]very person who suffers detriment from the unlawful act or omission of another may recover from the person in fault a compensation therefor in money, which is called damages.” A “detriment” is “a loss or harm suffered in person or property.” Section 27-1-201, MCA. Harris and Holbert have suffered no “detriment” for which recovery may be had. ¶38 I note that in their motion to alter or amend the judgment, Harris and Holbert asserted that they had, in fact, suffered a compensable injury. Specifically, they asserted that Farmers’ and State Farm’s payments of their medical expenses at customary rates, rather than the discounted rates, effectively reduced their settlement proceeds. Their theory went as follows: since Farmers and State Farm agreed to pay the policy limits, and since a higher proportion of those proceeds were applied to medical expenses billed at the full rate than would have been applied to medical expenses billed at the discounted rate, there consequently was less left over for Harris’s and Holbert’s general damages. The District Courts agreed that such allegations might set forth a claim for a compensable injury; however, no such facts had been alleged in the amended complaints. The District Courts noted that Harris and Holbert could have sought leave to amend their amended complaints or could have asked the court to consider new facts and convert the motions to dismiss into motions for summary judgment, yet Harris and Holbert had done neither. I agree with the District Courts that a motion to alter or amend a judgment under Rule 59(e) of the Montana Rules of Civil Procedure is not a proper vehicle for amending a complaint.
¶39 Accordingly, in summary, Harris and Holbert do not have standing to enforce the PPA. Moreover, they have not pleaded any detriment for which recovery may be had. Finally, as the Court holds, the PPA did not require St. Vincent Healthcare and Billings Clinic to bill and collect at the discounted rate from Farmers and State Farm. For all of these reasons, it is fortunate, in my view, that this matter was resolved early in the proceedings through a motion to dismiss. In this manner, the parties have been spared the costly expenses of litigating a class action involving contract claims that the plaintiffs have no factual or legal grounds for pursuing.
¶40 Before concluding, I note one nuance in the Court’s resolution of the constructive fraud claim. For purposes of the instant case, constructive fraud requires the breach of a duty. Opinion, ¶ 30; §28-2-406(1), MCA. As the Court explains, Harris and Holbert contend that they relied on a “promise” by St. Vincent Healthcare and Billings *146 Clinic never to collect payment from them in excess of the BCBS reimbursement rate, and that St. Vincent Healthcare and Billings Clinic acted in a misleading and deceptive manner. Opinion, ¶ 29. Initially, one might assume that this alleged “promise” was made to Harris and Holbert directly, and that St. Vincent Healthcare and Billings Clinic thus had a freestanding duty to Harris and Holbert to bill the discounted rates regardless of which liability insurer would be paying the bill. Such facts would make this a different case. Thus, it is important to be clear that the so-called “promise” to which Harris and Holbert are referring is St. Vincent Healthcare and Billings Clinic’s agreement in the PPA to bill and collect at the discounted rate where a claimant has received services that are paid for by BCBS. This “promise” was made to BCBS, not Harris and Holbert. Moreover, as the Court explains, the “promise” does not impose a legal duty to bill insurers other than BCBS at the discounted rates. Opinion, ¶ 31. Hence, there can be no constructive fraud.
¶41 With the foregoing observations, I concur in the Court’s decision.

 “HCA”or ‘Health Care Administrator” is defined elsewhere in the PPA to mean ‘BCBSMT or a BCBSMT Joint Venture.”