**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AMERICAN TRUCKING AND
TRANSPORTATION INSURANCE
COMPANY, A RISK RETENTION
GROUP, a Risk Retention Group,

        Plaintiff-Appellee,

v.

RALPH NELSON; et al.,

        Defendants,

 and

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

        Defendant-Appellant.

No.   18-35414

D.C. No. 9:16-cv-00160-DLC

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Argued and Submitted May 13, 2019
Seattle, Washington

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before:  KLEINFELD and FRIEDLAND, Circuit Judges, and EZRA,[**] District Judge.

Westchester Surplus Lines Insurance Company ("Westchester") appeals from the district court's denial of its motion to compel arbitration.  We reverse and remand.

The district court declined to enforce the arbitration clause in a contract between Westchester and American Trucking and Transportation Insurance Company ("ATTIC"), on the ground that, under Tidyman's Management Services, Inc. v. Davis, 330 P.3d 1139 (Mont. 2014), the insurer was estopped from asserting contract defenses as a result of its breach of its duty to defend.  We need not reach the questions of whether the insurer did indeed breach its duty to defend, whether its coverage applied, or whether it was estopped under Montana law from asserting its defenses.  Neither Tidyman's nor any other Montana case that has been brought to our attention treats an agreement to arbitrate as a contract defense.

An agreement to arbitrate establishes how the parties choose to resolve disputes arising out of the contract.  Peeler v. Rocky Mountain Log Homes Canada, 431 P.3d 911, 919 (Mont. 2018), reasoned that contract defenses are often "matters for determination by an arbitrator in accordance with the agreement."  An

[**]  The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

agreement to arbitrate is not a contract defense, since a party successfully asserting a right to arbitrate may nevertheless have any insurance contract defenses arising out of its policy resolved against it by the arbitrator.

Our attention has been directed to no Montana authority, and no authority from any other jurisdiction, establishing that an arbitration agreement is a "contract defense," and we are aware of none. Tidyman's does not so hold. Montana uses the Restatement (Second) of Contracts for its general interpretive assistance, see Dick Anderson Constr., Inc. v. Monroe Constr. Co., LLC, 221 P.3d 675, 685 (Mont. 2009), and we are aware of nothing in the Restatement that would treat an arbitration agreement as a contract defense, as opposed to an agreement for how disputes arising out of the contract are to be resolved. Accordingly, the district court ought to have granted the motion to compel arbitration.[1]

**REVERSED and REMANDED**.

---

[1] We also reject ATTIC's arguments that it cannot be compelled to arbitrate because it is not a party to the contract and because arbitration would interfere with its right of access to the courts under the Montana constitution. See Comedy Club, Inc. v. Improv W. Assocs., 553 F.3d 1277, 1287 (9th Cir. 2009) (explaining that arbitration clauses may bind certain non-parties, including assignees); Mortensen v. Bresnan Commc'ns, LLC, 722 F.3d 1151, 1161 (9th Cir. 2013) (holding that the Federal Arbitration Act preempts the Montana law rule that arbitration agreements constitute a waiver of a party's fundamental constitutional rights to trial by jury and access to courts).